## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KELLY D. MINGUS,                           )
                                          )
                    Plaintiff,            )
                                          )        **CIVIL ACTION**
v.                                        )
                                          )        **No. 16-2784-JWL**
NANCY A. BERRYHILL,[1]                     )
Acting Commissioner of Social Security,    )
                                          )
                    Defendant.            )
_____)

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding the Administrative Law Judge (ALJ) failed adequately to consider the third-party opinion of Plaintiff's friend, the court ORDERS that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further consideration consistent with this decision.

_____

[1] On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

## I.    Background

Plaintiff applied for SSI benefits, alleging disability beginning February 28, 2012. (R. 23, 199).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  She argues that the residual functional capacity (RFC) assessed is not supported by substantial evidence, that the ALJ did not adequately consider all of her impairments including end-stage COPD (chronic obstructive pulmonary disease), that he erred in evaluating the credibility of her allegations of symptoms, and that he failed adequately to consider the opinion of her friend, Ms. Miller.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

<u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991)); <u>accord</u>, <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1172 (10th Cir. 2005); <u>see also</u>, <u>Bowling v. Shalala</u>, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues <u>de novo</u>, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting <u>Harrell v. Bowen</u>, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; <u>Wilson v. Astrue</u>, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  <u>Wilson</u>, 602 F.3d at 1139 (quoting <u>Lax</u>, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  <u>Williams</u>, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  <u>Id.</u>

Case 2:16-cv-02784-JWL     Document 26     Filed 02/28/18     Page 4 of 6


The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, with the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ did not adequately consider the third-party opinion. It will not provide an advisory opinion regarding the other errors alleged in Plaintiff's Brief, but she may raise those issues before the Commissioner on remand.

## II.    Discussion

Plaintiff argues that the ALJ "improperly failed to address or consider the testimony of Tracy Miller . . . in evaluating plaitniff's [sic] claim." (pl. Br. 13) (citing Blea, 466 F.3d at 915; and Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996)). In her response brief, the Commissioner did not acknowledge this argument, and said nothing regarding Ms. Miller's testimony or the ALJ's evaluation of it.

As Plaintiff's Brief suggests, <u>Blea</u>, and <u>Adams</u> control the decision in this case.  In the Tenth Circuit, an ALJ is not required to make specific, written findings regarding each witness's credibility when the written decision reflects that the ALJ considered that testimony.  <u>Blea</u>, 466 F.3d at 914-15; <u>Adams v. Chater</u>, 93 F.3d 712, 715 (10th Cir. 1996).  In <u>Adams</u>, the court "decline[d] claimant's invitation to adopt a rule requiring an ALJ to make specific written findings of each witness's credibility, particularly where the written decision reflects that the ALJ considered the testimony."  93 F.3d at 715.  The <u>Adams</u> court determined "that the ALJ considered the testimony of claimant's wife in making his decision because he <u>specifically referred to it in his written opinion</u>," and the court found no error in the ALJ's failure to make specific, written <u>findings</u> regarding the testimony.  <u>Id.</u> (emphasis added).  Thirteen years later, the Tenth Circuit confirmed the rule that an ALJ is not required to make specific written findings of credibility regarding third-party testimony if the written decision reflects that the ALJ considered it.  <u>Blea</u>, 466 F.3d at 915.  The <u>Blea</u> court noted that, "[h]ere, the ALJ made no mention of Mrs. Blea's testimony, nor did he refer to the substance of her testimony anywhere in the written decision.  Thus, it is not at all 'clear that the ALJ considered [Mrs. Blea's] testimony in making his decision.'"  <u>Id.</u> (quoting <u>Adams</u>, 93 F.3d at 715).

In relevant part, this case is substantially identical to the <u>Blea</u> case.  Here, Ms. Miller testified that since 2012 Plaintiff has had significant limitations in her performance of certain activities including walking, standing, and even washing her hair.  (R. 62-67).  The ALJ found that Plaintiff is precluded from performing gainful activity beginning when she became 55 years of age on February 16, 2015, but not before then.  (R. 29).

5

Thus, Ms. Miller's testimony is relevant to the onset date of her disability. However, in the decision at issue here, the ALJ did not even mention that Ms. Miller testified at the hearing, or in any way discuss her opinions. In accordance with Tenth Circuit law, remand is necessary for the Commissioner properly to consider Ms. Miller's opinions.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further consideration consistent herewith.

Dated February 28, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**